IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | |
|---|---|
| Ultra-Mek, Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 16-41 |
| v. ) | |
| ) | **JURY TRIAL DEMANDED** |
| Man Wah (USA), Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Ultra-Mek, Inc. ("Plaintiff" or "Ultra-Mek"), for its Complaint against Defendant Man Wah (USA), Inc. ("Defendant" or "Man Wah"), states as follows:

### NATURE OF ACTION

1. This is an action under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, for infringement by Defendant of patents owned by Ultra-Mek.

2. As described more fully below, Defendant is manufacturing, causing to be manufactured, offering for sale, selling, importing into the United States, and/or distributing, without Ultra-Mek's authorization, seating units that infringe Ultra-Mek's patents.

### THE PARTIES

3. Ultra-Mek, Inc., is a company organized under the laws of the State of North Carolina having its headquarters and principal place of business at 487 Bombay Road, Denton, North Carolina 27239. Ultra-Mek is the current owner of United States

1

Patent Number 7,997,644, United States Patent Number 8,016,348, and United States Patent Number 8,297,693 (collectively "the asserted patents").

4. Man Wah (USA), Inc. is a company organized under the laws of the State of Nevada with its principal place of business at 688 North Main Street, High Point, NC 27260.  Upon information and belief, Man Wah (USA), Inc. also operates under, does business as, or uses the name "Cheers" or "Cheers / Man Wah (USA), Inc."

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because Defendant does business in North Carolina and/or has otherwise established contacts with North Carolina making the exercise of personal jurisdiction proper.  Upon information and belief, Defendant maintains significant places of business in North Carolina, including having its principal offices in this District; conducting substantial business within the State of North Carolina and within this District; regularly soliciting business within the State of North Carolina and this District; attending trade shows within the State of North Carolina and within this District, including the High Point Furniture Market; having its president and CEO reside and do business in this District; and deriving substantial revenue from products provided to customers, distributors, and/or vendors residing in the State of North Carolina and in this District.

7. Venue is proper in this judicial district pursuant to at least 28 U.S.C. §§ 1391 and 1400 at least because injuries from Defendant's actions are felt in this District,

Defendant is subject to personal jurisdiction in this District, and Defendant conducts substantial business and has substantial contacts with the State of North Carolina and within this District.

## BACKGROUND FACTS

8. Ultra-Mek is well-known as a leading designer and manufacturer of high-quality motion furniture components. Ultra-Mek was founded in 1983 in Denton, North Carolina, and has operated in this District since 1983. Ultra-Mek has continued to expand its manufacturing facilities over the years and currently employs about 140 persons in this District. Through its history, Ultra-Mek has supported the local economy and has been, and continues to be, committed to providing jobs for citizens of this District.

9. Ultra-Mek has provided inventive solutions to the furniture industry and is the inventor and owner of over forty patents related to motion furniture components.

10. Ultra-Mek is the owner by assignment of all right, title, and interest in and to United States Patent No. 7,997,644 ("the '644 patent"), United States Patent No. 8,016,348 ("the '348 patent"), and United States Patent No. 8,297,693 ("the '693 patent"), including the right to sue thereon and the right to recover for infringement thereof. Accordingly, Ultra-Mek has standing to bring this action for patent infringement.

11. The United States Patent and Trademark Office issued the '644 patent on August 16, 2011. The '644 patent is entitled "Gliding Reclining Seating Unit with Power

3

Case 1:16-cv-00041-NCT-JLW   Document 1   Filed 01/15/16   Page 3 of 14

Actuator," and lists D. Stephen Hoffman and Marcus L. Murphy as the inventors. A true and accurate copy of the '644 patent is attached hereto as Exhibit A.

12. The United States Patent and Trademark Office issued the '348 patent on September 13, 2011. The '348 patent is entitled "Reciprocating Seating Unit with Power Actuator," and lists D. Stephen Hoffman and Marcus L. Murphy as the inventors. The United States Patent and Trademark Office issued a Certificate of Correction for the '348 patent on December 13, 2011. A true and accurate copy of the '348 patent is attached hereto as Exhibit B.

13. The United States Patent and Trademark Office issued the '693 patent on October 30, 2012. The '693 patent is entitled "Reciprocating Seating Unit with Power Actuator," and lists D. Stephen Hoffman and Marcus L. Murphy as the inventors. A true and accurate copy of the '693 patent is attached hereto as Exhibit C.

14. The asserted patents relate generally to seating units, and more particularly to reclining seating units. Ultra-Mek has licensed Leggett & Platt, Incorporated under the asserted patents, and Leggett & Platt is the only authorized manufacturer other than Ultra-Mek of products that fall within the scope of one or more claims of the asserted patents.

15. Without Ultra-Mek's permission, Defendant is making, using, offering for sale, selling, and/or importing seating units and reclining mechanisms that constitutes direct infringement of the asserted patents and/or induces or contributes to indirect infringement of the asserted patents by Defendant's distributors, vendors, retailers, and/or customers. On information and belief, Defendant, either directly or through entities

under its control or influence, manufacture, make, use, sell, offer for sale, and/or import reclining mechanism or seating units including a reclining mechanism, that fall within the scope of one or more claims of the asserted patents, directly in the United States, including at least claim 1 of the '644 patent, claim 1 of the '348 patent, and claim 1 of the '693 patent. For example, Defendant's infringing products include, but are not limited to, products including reclining mechanisms associated with product numbers RMT Nos. 661 and 761x and seating units associated with the product numbers K865 (2529), K863 (35686), and XW9788 (3512/3515), as well as products within Defendant's "Cheers" branded products. Photos of an example of one of Defendant's infringing products are attached as Exhibit D.

16. Defendant's infringing products copy Leggett & Platt's products that embody certain claims of the asserted patents. Upon information and belief, Defendant copied Leggett & Platt's product. Leggett & Platt's products are authorized by Ultra-Mek. Defendant's products are not.

17. Defendant knows of and has known of each of the asserted patents. For example, Defendant knows of and has known of the '644 patent, the '348 patent, and the '693 patent since at least about May 20, 2015 through correspondence with Leggett & Platt providing notice of the asserted patents and Defendant's infringement of the asserted patents.

18. Defendant has also learned of each of the asserted patents through correspondence with Ultra-Mek that occurred prior to the filing of this lawsuit, including

5

correspondence dated November 16, 2015 providing additional notice of the asserted patents and Defendant's infringement of the asserted patents.

19. On information and belief, Defendant also learned of the asserted patents through its business relationship with Remarco Machinery & Technology, also known as "RMT." On information and belief, RMT manufactures and provides reclining mechanisms to Defendant. Since at least about October 7, 2014, RMT knows of and has known of each of the asserted patents as identified by Leggett & Platt, and upon information and belief, RMT informed Defendant of the asserted patents and infringement of the asserted patents.

20. Defendant has knowledge of the asserted patents through the filing of the present lawsuit against Defendant as well.

21. On information and belief, upon obtaining knowledge of the asserted patents, and in light of its knowledge of the technical field, Defendant knew that its activities (including its offerings for sale, sales, making, use, and importation) relating to the infringing seating units constituted direct infringement of the asserted patents in the United States and that its activities caused others who used, offered for sale, made and/or sold the seating units or reclining mechanisms to be included within seating units to directly infringe the asserted patents in the United States. For example, on information and belief, in about July 2015, Defendant knew its activities (including its offerings for sale, sales, making, use, and importation) relating to its seating units infringed the '644 patent as set forth in claim charts provided by Leggett & Platt. All of the asserted patents are part of the same patent family.

22. Upon information and belief, Defendant knew any components of the seating units were designed for inclusion in a reclining seating unit that was both patented and infringed and continues to infringe the asserted patents. The reclining mechanisms have no substantial non-infringing uses as they are designed specifically for use in a seating unit and form a material part of the combination of components that embody the claimed seating unit.

23. A reasonable person reading the asserted patents and knowing of Defendant's infringing products would know that the infringing products infringe each of the asserted patents and that Defendant's activities infringe, induce, and/or contribute to infringement of the asserted patent in the United States.

24. Defendant thereby intended to infringe Ultra-Mek's patent rights.

25. Defendant has been and continues to be willfully blind as to Ultra-Mek's patent rights and Defendant's infringement of these patent rights. On information and belief, Defendant copied Leggett & Platt's product. On information and belief, Defendant knew and continues to know that Leggett & Platt and others seek and obtain patent rights in its products. Defendant was put on notice in detail by both Ultra-Mek and Leggett & Platt that Ultra-Mek possesses certain patent rights and that Defendant's activities infringe the asserted patents. Despite this knowledge and specific notice, Defendant continued and continues to conduct the same infringing activities by taking deliberate actions to avoid communicating with Ultra-Mek and Leggett & Platt and to avoid acknowledging its infringement.

26. The specific instances of infringement described above are provided as examples. On information and belief, Defendant and/or its distributors, vendors, retailers, and/or customers have engaged in at least other offers for sales, uses, importations, makings, and/or sales of infringing seating units in the United States.

## COUNT I
### (Infringement of United States Patent No. 7,997,644)

27. Ultra-Mek realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-26 of this Complaint.

28. Defendant has infringed and continues to infringe the '644 patent through acts including, but not limited to, the manufacture, use, sale, importation, distribution, and/or offer for sale of reclining seating units including, but not limited to, certain products associated with product or reference numbers RMT No. 661, RMT No. 761x, K865 (2529), K863 (35686), and XW9788 (3512/3515). On information and belief, Defendant further has contributed to and contributes to and/or has induced and induces the infringement of the '644 patent by its distributors, vendors, retailers, and/or customers, at least by selling and/or offering for sale certain seating unit products associated with product or reference numbers RMT No. 661, RMT No. 761x, K865 (2529), K863 (35686), and XW9788 (3512/3515). As one example, Defendant's unauthorized infringing seating unit provides a gliding motion and a three-way reclining motion and includes a base unit; a generally horizontally disposed seat positioned above the base unit; a generally upright backrest positioned above the base unit and substantially rearward of the seat; an extendable ottoman; a reclining mechanism attached

to the seat, the backrest, the ottoman, and the base unit and includes a plurality of pivotally interconnected links; a gliding mechanism that is configured to enable the seat, backrest, and reclining mechanism to glide relative to the base unit; and a power actuating unit that is configured to move the seating unit between an upright position to an intermediate TV position to a fully reclined position. Much of this is shown in Exhibit D.

29. Defendant's infringement of the '644 patent has caused damage to and continues to damage Ultra-Mek and Leggett & Platt. Ultra-Mek is entitled to recover damages in an amount to be proven at trial.

30. On information and belief, Defendant will continue in and enlarge its infringement of the '644 patent unless and until they are enjoined by this Court.

31. The infringement of the '644 patent by Defendant has been willful and deliberate as Defendant has acted in an objectively reckless manner in view of the high likelihood that its acts constituted infringement of the '644 patent and with full knowledge of Ultra-Mek's rights in the '644 patent. Ultra-Mek is entitled to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

### COUNT II
### (Infringement of United States Patent No. 8,016,348)

32. Ultra-Mek realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-31 of this Complaint.

33. Defendant has infringed and continues to infringe the '348 patent through acts including, but not limited to, the manufacture, use, sale, importation, distribution,

and/or offer for sale of reclining seating units including, but not limited to, certain products associated with product or reference numbers RMT No. 661, RMT No. 761x, K865 (2529), K863 (35686), and XW9788 (3512/3515). On information and belief, Defendant further has contributed to and contributes to and/or has induced and induces the infringement of the '348 patent by its distributors, vendors, retailers, and/or customers, at least by selling and/or offering for sale certain seating unit products associated with product or reference numbers RMT No. 661, RMT No. 761x, K865 (2529), K863 (35686), and XW9788 (3512/3515). As one example, Defendant's unauthorized infringing seating unit provides a three-way reclining motion and includes a base unit; a generally horizontally disposed seat positioned above the base unit; a generally upright backrest positioned above the base unit and substantially rearward of the seat; an extendable ottoman; a reclining mechanism attached to the seat, the backrest, the ottoman, and the base unit and includes a plurality of pivotally interconnected links; a reciprocating mechanism that is configured to enable the seat, backrest, and reclining mechanism to reciprocate relative to the base unit; and a power actuating unit that is configured to move the seating unit between an upright position to an intermediate TV position to a fully reclined position and the actuating unit is attached to an actuating mechanism. Much of this is shown in Exhibit D.

34. Defendant's infringement of the '348 patent has caused damage to and continues to damage Ultra-Mek and Leggett & Platt. Ultra-Mek is entitled to recover damages in an amount to be proven at trial.

35. On information and belief, Defendant will continue in and enlarge its infringement of the '348 patent unless and until they are enjoined by this Court.

36. The infringement of the '348 patent by Defendant has been willful and deliberate as Defendant has acted in an objectively reckless manner in view of the high likelihood that its acts constituted infringement of the '348 patent and with full knowledge of Ultra-Mek's rights in the '348 patent. Ultra-Mek is entitled to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

## COUNT III
### (Infringement of United States Patent No. 8,297,693)

37. Ultra-Mek realleges and incorporates herein by reference the allegations set forth in Paragraphs 1-36 of this Complaint.

38. Defendant has infringed and continues to infringe the '693 patent through acts including, but not limited to, the manufacture, use, sale, importation, distribution, and/or offer for sale of reclining seating units including, but not limited to, certain products associated with product or reference numbers RMT No. 661, RMT No. 761x, K865 (2529), K863 (35686), and XW9788 (3512/3515). On information and belief, Defendant further has contributed to and contributes to and/or has induced and induces the infringement of the '693 patent by its distributors, vendors, retailers, and/or customers, at least by selling and/or offering for sale certain seating unit products associated with product or reference numbers RMT No. 661, RMT No. 761x, K865 (2529), K863 (35686), and XW9788 (3512/3515). As one example, Defendant's unauthorized infringing seating unit provides a three-way reclining motion and includes a

11

base unit; a generally horizontally disposed seat positioned above the base unit; a generally upright backrest positioned above the base unit and substantially rearward of the seat; an extendable ottoman; a reclining mechanism attached to the seat, the backrest, the ottoman, and the base unit and includes a plurality of pivotally interconnected links; a reciprocating mechanism that is configured to enable the seat, backrest, and reclining mechanism to reciprocate relative to the base unit; and a linear actuating unit that is configured to move the seating unit between an upright position to an intermediate TV position to a fully reclined position, and includes opposed first and second ends where the first end moves forwardly as the seating unit moves from the upright position to the intermediate TV position and the second end moves rearwardly when the seating unit moves from the intermediate TV position to the fully reclined position. Much of this is shown in Exhibit D.

39. Defendant's infringement of the '693 patent has caused damage to and continues to damage Ultra-Mek and Leggett & Platt. Ultra-Mek is entitled to recover damages in an amount to be proven at trial.

40. On information and belief, Defendant will continue in and enlarge its infringement of the '693 patent unless and until they are enjoined by this Court.

41. The infringement of the '693 patent by Defendant has been willful and deliberate as Defendant has acted in an objectively reckless manner in view of the high likelihood that its acts constituted infringement of the '693 patent and with full knowledge of Ultra-Mek's rights in the '693 patent. Ultra-Mek is entitled to increased damages under 35 U.S.C. § 284 and attorneys' fees and costs under 35 U.S.C. § 285.

# PRAYER FOR RELIEF

WHEREFORE, Ultra-Mek respectfully prays that this Court:

a. Enter a judgment that Defendant has infringed the '644 patent;

b. Enter a judgment that Defendant has infringed the '348 patent;

c. Enter a judgment that Defendant has infringed the '693 patent;

d. Grant a permanent injunction restraining and enjoining Defendant, its officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, and attorneys from directly or indirectly infringing the '644 patent, '348 patent, and/or the '693 patent;

e. Award Ultra-Mek damages in an amount sufficient to compensate Ultra-Mek for Defendant's infringement of the '644 patent, '348 patent, and the '693 patent, but not less than a reasonable royalty;

f. Enter judgment that Defendant's infringement be found to be willful and that the Court award treble damages for the period of such willful infringement of the '644 patent, '348 patent, and the '693 patent pursuant to 35 U.S.C. § 284 and attorney's fees;

g. Award prejudgment interest to Ultra-Mek under 35 U.S.C. § 284;

h. Declare this case exceptional under 35 U.S.C. § 285 and award Ultra-Mek its reasonable attorneys' fees, expenses, and costs incurred in this action;

i. Award Ultra-Mek its costs incurred in this action, including its attorneys' fees; and

j. Grant such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Ultra-Mek hereby demands a jury trial on all issues appropriately triable by a jury.

Respectfully submitted,

Dated: January 15, 2016  /s/ *N. Dean Powell, Jr.*

Steven Gardner
N.C. Bar No. 20984
N. Dean Powell, Jr.
N.C. Bar No. 35511
KILPATRICK TOWNSEND & STOCKTON LLP
1001 West Fourth Street
Winston-Salem, NC 27101
(336) 607-7300 (telephone)
(336) 607-7500 (facsimile)
sgardner@kilpatricktownsend.com
dpowell@kilpatricktownsend.com

*Attorneys for Ultra-Mek, Inc.*

14